IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-535-BO

| | |
|---|---|
| BRENDA DICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's and the Government's Motion for Judgment on the Pleadings. Plaintiff's Motion is GRANTED and this case is REMANDED to the Administrative Law Judge for further evaluation.

## I. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments on December 18, 2006. (Tr. 129-32, 135-37, 146). She alleged that she had been disabled since October 31, 2003 due to congestive heart failure, muscle spasms, and hypertension. The Commissioner denied Plaintiff's applications initially and upon reconsideration. (Tr. 87-91, 95-97, 99-102).

Administrative Law Judge (ALJ) Larry A. Miller (Tr. 27-54) held a hearing on October 27, 2009 and found Plaintiff not disabled on November 12, 2009. Subsequently, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. This Court now reviews this case pursuant to 42 U.S.C. §405(g).

## II. DISCUSSION

The case is remanded to the ALJ for reconsideration of Plaintiff's RFC. The Court finds that the record does not provide substantial evidence for the finding that Plaintiff can perform sedentary work. The Court also finds that the ALJ did not properly evaluate Plaintiff's credibility and noncompliance with her doctor's instructions. Thus, the Government has not carried its burden showing that Plaintiff can perform work available in the national economy.

### A. Standard of Review

The Social Security Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." See 42 U.S.C. § 423(d)(1)(A).

In reviewing a final decision of no disability by the Social Security Administration Commissioner, the Court must determine whether the Commissioner's decision is supported by substantial evidence under 42 U.S.C. § 405(g), and whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law.

The Social Security disability analysis follows five steps. An ALJ must consider (1) whether the Plaintiff is engaged in substantial gainful activity, (2) whether the Plaintiff has a severe impairment, (3) whether the Plaintiff has an impairment that meets or equals a condition contained within the Social Security Administration's official list of impairments, (4) whether the Plaintiff has an impairment which prevents past relevant work, and (5) whether the Plaintiff's impairment prevents the performance of any substantial gainful employment. 20 C.F.R.§§ 404.1520, 1520a.

The plaintiff bears the burden for steps one, two, three, and four, while the Defendant shoulders the burden for step five. If the Plaintiff shows by a preponderance of evidence that he has a statutory impairment under step three, he is conclusively presumed to have a disability and the analysis ends. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Alternatively, if the plaintiff fails to prevail under step three, she can still show she has an impairment that prevents her from continuing past work under step four. If so, the burden shifts to the Defendant to establish that the plaintiff is able to perform another job available in the national economy under step five. Id. at n. 5.

Here, the AJL found that Plaintiff had the severe impairments of hypertension, dilated cardiomyopathy, obesity, sleep apnea, depression, and lumbar osteoarthritis at step two. The ALJ also found these impairments prevented Plaintiff from performing her past work. (AR 15). It was thus the Government's burden to show that Plaintiff could perform other work available in the national economy. The Court finds that substantial evidence did not support the ALJ's finding that the Government met this burden.

B. Substantial evidence does not support that Plaintiff can perform sedentary work

Substantial evidence does not support that Plaintiff can do the lifting, walking, and standing required for sedentary work, nor does the evidence support that Plaintiff has the stamina for such employment.

Sedentary work requires standing and walking two hours in an eight-hour workday, as well as occasionally lifting 10 pounds. Plaintiff, however, states she has pain with prolonged standing or walking. (T. 263, 273). She also has frequent shortness of breath with little to no exertion. (T. 213, 273, 310, 330, 388). During the hearing, Plaintiff testified that she cannot stand for more than 15-30 minutes before experiencing a sharp pain in her back. (T. 34, 38). She also

testified that she cannot walk long without her legs swelling, at which point she must sit down and keep hot compresses on them. (T. 36). Plaintiff testified that she has shortness of breath trying to walk around the block. (T. 38). A witness for Plaintiff confirmed that she gets very tired and must stop to catch her breath. (T. 46).

Plaintiff also testified that she cannot lift more than four or five pounds. (T. 40). Plaintiff said she is rarely able to lift anything and usually has one of her children do it for her. (T. 39). 39). Her daily activities are limited. She tries not to drive or do a lot of moving around because it causes chest pain and shortness of breath. (T. 35). If she does drive, someone needs to be in the car with her in case she gets dizzy. (T. 42). She is normally unable to cook so her children do most of the cooking. (T. 43).

The medical evidence supports Plaintiff's subjective complaints. Plaintiff had an ejection fraction of 30 percent in July of 2006. (T. 225). Her doctor noted her exertional dyspnea and fatigue in 2006 and classified her with advanced class III heart failure according to the New York Heart Association scale. (T. 273). She was noted to be a class III to IV on the New York Heart Association scale on November 28, 2006. (T. 285). The NYHA III classification indicates marked limitation in activity due to symptoms. On October 10, 2007, Plaintiff's doctor found she was in Class IV congestive heart failure. (T. 388). Her doctor also noted that Plaintiff' shortness of breath and fatigue could be attributed to the beta-blocker that he was prescribing but he preferred not to discontinue the medication. (T. 310). Her ejection fraction on June 27, 2008 was 35 to 40 percent. (T. 506). On June 30, 2008, her doctor cautioned Plaintiff not to exert herself. (T. 569).

To counter this evidence, the Government cites to medical visits where Plaintiff exhibited no edema, no joint swelling, full range of motion, full muscle strength and normal muscle

reflexes. However these findings on their own are not sufficient to show that Plaintiff can perform sedentary work, and they do not contradict that Plaintiff's pain, fatigue, shortness of breath,and other symptoms prevent her from performing sedentary work.

### i.Credibility and Noncompliance

The Court finds that the ALJ improperly evaluated Plaintiff's credibility and alleged chronic noncompliance with medical instruction.

The Government argues that Plaintiff primary uses subjective complaints to support her claim for disability, and that these complaints are not fully credible. Gov's Mot. at 10. As shown above, however, amble medical evidence supports the intensity of Plaintiff's symptoms.

Moreover, neither the ALJ nor the Government sufficiently explains why Plaintiff lacks credibility. SSR 96-7p requires that the ALJ decision contain specific reasons for credibility findings and that those reasons be supported by the evidence of record. SSR 96-7p also requires that the credibility finding be based on a consideration of all the evidence of record. Here, the ALJ did not clearly specify why he thought Plaintiff exaggerated her symptoms. (Tr. 18). Instead the ALJ seemed to provide several reasons supporting why the intensity of Plaintiff's symptoms actually is credible, including her lower than normal ejection fraction, congestive heart failure, medicine side effects, obesity, and the fact that she is "deconditioned." Id. The AJL stated:

> While the claimant has a lower than normal ejection fraction and congestive heart failure that could have caused some of her tiredness and fatigue, she also takes medications that have similar side effects and she is de-conditioned. The fact that at time she was classified as Class III or IV on the New York Heart Association scales *could have been* in conjunction with *her chronic noncompliance with taking her medications as prescribed.* Indeed, her ejection fraction ha improved. Her obesity certainly has some influence on her reduced physical ability and what would be mechanical lower back pain, as no objective findings more [sic] than mild osteoarthritis.

(T. 18)(emphasis added).

Thus, the only reason the ALJ provides for finding Plaintiff not fully credible is her "chronic noncompliance with taking her medications." However, the burden of proof is on the Commissioner to establish unjustified noncompliance by substantial evidence. Preston v. Heckler, 769 F.2d 988, 990-991 (4th Cir. 1985). As stated in Preston, "[i]f noncompliance is to be a basis for denying benefits, the Secretary must develop a record establishing by substantial evidence that the claimant's impairment "is reasonably remediable by the particular individual involved, given...her social or psychological situation." Id. (citing Tome v. Schweiker, 724 F.2d 231, 236 (4th Cir. 1984)). Here, there is no foundation for the ALJ's conclusion that noncompliance is the cause of the claimant's fatigue, shortness of breath, or other impairments.

Indeed, substantial evidence does not support that Plaintiff can perform sedentary work. The Government has failed to carry its burden that Plaintiff can perform jobs available in the national economy.

### III. CONCLUSION

The Plaintiff's Motion for Judgment on the Pleadings is GRANTED and this matter is REMANDED.

SO ORDERED, this 28 day of July, 2011.

/s/ Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE